# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2013

Lyle W. Cayce
Clerk

No. 12-10869
Summary Calendar

JULIE KUMMERLE,

Plaintiff - Appellant

v.

EMJ CORPORATION,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-2839

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Julie Kummerle ("Kummerle") appeals the FED. R. CIV. P. 12(c) dismissal of her Title VII retaliation claim. She alleges that her former employer, EMJ Corporation ("EMJ"), terminated her because she complained about public displays of affection between a male supervisor and female co-worker. Because Kummerle's pleadings fail to establish that she had a reasonable belief that EMJ's work environment violated Title VII, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Kummerle asserts that her former supervisor, Ray Catlin ("Catlin"), and another employee, Daisy Owens ("Owens"), created a "sexually charged atmosphere" at EMJ by frequently engaging in consensual intimate conduct (such as Catlin's rubbing Owens's back) in front of other employees. She contends that the public displays of affection, while not sexually explicit, were offensive to observers. In May 2011, Kummerle and another employee, Carolyn Paulus ("Paulus"), complained to EMJ's Chief Operating Officer about the discomfort they and other females in the office felt as a result of the behavior. Shortly thereafter, Kummerle was terminated by Catlin.

Kummerle sued EMJ, asserting hostile work environment and retaliation claims under Title VII. After concluding that Kummerle failed to plead facts establishing a reasonable inference that either the unwelcome harassment was based on Kummerle's sex or that her belief that she was subjected to a hostile work environment was objectively reasonable, the district court dismissed both claims with prejudice. Kummerle appeals the dismissal of her retaliation claim.

We review a district court's order granting a Rule 12(c) motion for judgment on the pleadings *de novo*, using the same standards applied to a Rule 12(b)(6) motion to dismiss. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). We accept a complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Id.* "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

Title VII makes it unlawful for an employer to retaliate against an employee who opposes an employment practice that violates Title VII. 42 U.S.C. § 2000e-3(a). To establish a retaliation claim, a plaintiff must plead facts showing that she had a reasonable belief that the employer was engaged in an unlawful employment practice. *Byers v. Dallas Morning News*, 209 F.3d 419, 428 (5th Cir. 2000).

Kummerle argues that she reasonably believed that the public displays of affection between Catlin and Owens created a hostile work environment in violation of Title VII. We disagree. As adequately explained by the district court, Kummerle's pleadings contain no indication that the consensual intimate conduct between Catlin and Owens was either motivated by a discriminatory intent toward women or sufficiently egregious to come close to establishing an unlawful work environment.[1] The reasonableness of Kummerle's belief is further undermined by the fact that she fails to cite any case holding that public displays of affection in the workplace are sufficient to cause a violation of Title VII. *But cf. Bourbeau v. City of Chicopee*, 455 F. Supp. 2d 106, 113 (D. Mass. 2006) ("The court is aware of no decision under Title VII . . . which would extend hostile work environment protection to an employee . . . who simply witnessed . . . amorous contact [such as kissing, back rubbing, and intimate embracing] between two co-workers."). Offensive and unprofessional behavior by co-workers is not, alone, a violation of law. Therefore, the district court correctly held that Kummerle's retaliation claim fails as a matter of law.

The judgment of the district court is AFFIRMED.

---

[1] Contrary to Kummerle's assertions, the district court did not err by applying a "reasonable person" standard instead of a "reasonable woman" standard when it evaluated the hostility of the alleged harassment. *See, i.e., Butler v. Ysleta Indp. Sch. Dist.*, 161 F.3d 263, 269 (5th Cir. 1998) (stating that a sexually objectionable environment must be "one that a *reasonable person* would find hostile or abusive" (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 787, 118 S. Ct. 2275, 2283 (1998)) (emphasis added)). The term "reasonable person" is a gender neutral way of referring to a "reasonable woman" or a "reasonable man."